FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUL 1 4 2025

SEAN F. McAVOY, CLERK
SPOKANE, WASHINGTON

Stephanie Van Marter
Acting United States Attorney
Eastern District of Washington
Nowles Heinrich
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

STEVEN JAMES MALTMAN,

Defendant.

2:25-CR-00077-RLP

Fed. R. Crim. P. 11(c)(1)(C)
PLEA AGREEMENT

Plaintiff United States of America, by and through Stephanie Van Marter, Acting United States Attorney the Eastern District of Washington, and Nowles Heinrich, Assistant United States Attorney for the Eastern District of Washington, and Defendant STEVEN JAMES MALTMAN ("Defendant"), both individually and by and through Defendant's counsel, Molly M. Winston, agree to the following Plea Agreement.

1.      Guilty Plea and Maximum Statutory Penalties

Defendant agrees to enter a plea of guilty to Count One of the Indictment filed on May 7, 2025, which charges Defendant with Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), a Class C Felony.

Defendant understands that the following potential penalties apply:

        a.      a term of imprisonment up to 15 years;

PLEA AGREEMENT - 1

b.  a term of supervised release of up to 3 years;

c.  a fine of up to $250,000; and

d.  a $100 special penalty assessment.

2.  Supervised Release

Defendant understands that if Defendant violates any condition of Defendant's supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, up to the following terms:

a.  5 years in prison if the offense that resulted in the term of Supervised Release is a class A felony,

b.  3 years in prison if the offense that resulted in the term of Supervised Release is a class B felony, and/or

c.  2 years in prison if the offense that resulted in the term of Supervised Release is a class C felony.

Accordingly, Defendant understands that if Defendant commits one or more violations of supervised release, Defendant could serve a total term of incarceration greater than the maximum sentence authorized by statute for Defendant's offense or offenses of conviction.

3.  The Court is Not a Party to this Plea Agreement

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter.

Defendant understands the following:

a.  sentencing is a matter solely within the discretion of the Court;

b.  the Court is under no obligation to accept any recommendations made by the United States or Defendant;

PLEA AGREEMENT - 2

c. the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

d. the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties;

e. the Court is required to consider the applicable range set forth in the United States Sentencing Guidelines, but may depart upward or downward under certain circumstances; and

f. Defendant understands that this Plea Agreement contains sentencing recommendations pursuant to Fed. R. Crim. P. 11(c)(1)(C). As a result, the United States may withdraw from this Plea Agreement if the Court imposes a lesser sentence than agreed upon, and Defendant may withdraw from this Plea Agreement if the Court imposes a harsher sentence than agreed upon.

4. <u>Potential Immigration Consequences of Guilty Plea</u>

If Defendant is not a citizen of the United States, Defendant understands the following:

a. pleading guilty in this case may have immigration consequences;

b. a broad range of federal crimes may result in Defendant's removal from the United States, including the offense to which Defendant is pleading guilty;

c. removal from the United States and other immigration consequences are the subject of separate proceedings; and

d. no one, including Defendant's attorney or the Court, can predict with absolute certainty the effect of a federal conviction on Defendant's immigration status.

PLEA AGREEMENT - 3

Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail.

5. Waiver of Constitutional Rights

Defendant understands that by entering this guilty plea, Defendant is knowingly and voluntarily waiving certain constitutional rights, including the following:

    a.    the right to a jury trial;

    b.    the right to see, hear and question the witnesses;

    c.    the right to remain silent at trial;

    d.    the right to testify at trial; and

    e.    the right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted by an attorney through the sentencing proceedings in this case and any direct appeal of Defendant's conviction and sentence, and that an attorney will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

6. Elements of the Offense

The United States and Defendant agree that to convict Defendant of Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), the United States would have to prove the following beyond a reasonable doubt.

    a.    *First*, on or about December 2, 2024, in the Eastern District of Washington, Defendant did knowingly possess a firearm or ammunition, to wit:

PLEA AGREEMENT - 4

- a black and gold P80 Personally Manufactured 9mm caliber pistol, bearing serial number PF9405C;

- Hornady 9mm caliber ammunition; or

- Winchester 9mm caliber ammunition.

b. *Second,* the firearm or ammunition had been shipped or transported in interstate and/or foreign commerce or otherwise affected commerce;

c. *Third,* at the time Defendant possessed the firearm or ammunition, Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and

d. *Fourth,* at the time Defendant possessed the firearm or ammunition, Defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

7. Factual Basis and Statement of Facts

The United States and Defendant stipulate and agree to the following: the facts set forth below are accurate; the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea.

The United States and Defendant agree that this statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the Sentencing Guidelines computation or sentencing, unless otherwise prohibited in this Plea Agreement.

On December 2, 2024, at approximately 11:50 A.M., a member of the Spokane County Sheriff's Office (herein "SCSO") observed a GMC pickup truck commit at least two traffic violations. The officer subsequently observed the vehicle stop at a gas station. Defendant was in the truck's backseat, but as the truck began to leave the gas station the truck stopped, and Defendant switched seats with

PLEA AGREEMENT - 5

the man who had been sitting in the truck's front passenger seat. A short time later another SCSO deputy stopped the vehicle and after speaking with the truck's driver, used his K-9 partner to conduct an open-air sniff of the truck's exterior. The K-9 positively alerted, indicating the presence of drugs inside the truck. The truck was then seized so that officers could obtain a search warrant for the vehicle. Defendant had an open Department of Corrections warrant and was taken in custody.

The truck was towed to the police station and after obtaining a search warrant, officers searched the truck and located a black backpack in the back seat. Inside of the black backpack was a black and gold P80 Personally Manufactured 9mm caliber pistol, bearing serial number PF9405C, which was loaded with Hornady 9mm caliber ammunition and Winchester 9mm caliber ammunition.

Also in the backpack was an Android cell phone, a small quantity of a white powder, a needle/syringe containing a clear liquid, and suspected drug paraphernalia. A SCSO detective obtained a search warrant for the Android cell phone. An examination of the phone indicated it belonged to Defendant. For example, there were photos of Defendant in the phone, and it appeared the phone was logged into Defendant's Facebook account. Messages on the phone indicated that in late November 2024, Defendant was attempting to obtain a gun.

All the above conduct occurred in Spokane County, Washington, which is in the Eastern District of Washington.

At the time of this incident, Defendant knew that he was prohibited from possessing a firearm and ammunition under federal law and knew that he had been convicted of a crime punishable by imprisonment for a term exceeding one year. Defendant was convicted and sentenced to over 12 months of prison for the offense of Taking a Motor Vehicle Without Permission in the Second Degree, by the Superior Court of Washington, Spokane County, on or about December 5, 2018.

PLEA AGREEMENT - 6

The 9mm caliber ammunition described above has been researched by a nexus expert with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), and both brands of ammunition have been determined to be manufactured outside the state of Washington, and therefore traveled in and affected interstate or foreign commerce. The ATF has also opined that the personally manufactured firearm itself affected commerce. Defendant acknowledges and admits that he possessed the black and gold P80 Personally Manufactured 9mm caliber pistol, bearing serial number PF9405C, as well as the Hornady 9mm caliber ammunition and Winchester 9mm caliber ammunition loaded in the firearm.

8. The United States' Agreements:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring additional charges against Defendant based on information in its possession at the time of this Plea Agreement that arise from conduct that is either charged in the Indictment or identified in discovery produced in this case, unless Defendant breaches this Plea Agreement before sentencing.

9. United States Sentencing Guidelines Calculations

Defendant understands and acknowledges that the United States Sentencing Guidelines ("USSG" or "Guidelines") apply and that the Court will determine Defendant's advisory range at the time of sentencing, pursuant to the Guidelines. The United States and Defendant agree to the following Guidelines calculations.

a. Base Offense Level

The United States and Defendant agree that because of Defendant's prohibited status at the time Defendant possessed the firearm and ammunition, the base offense level is 14 pursuant to USSG §2K2.1(a)(6).

b. Acceptance of Responsibility

The United States will recommend that Defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a), if Defendant does the following:

PLEA AGREEMENT - 7

i. accepts this Plea Agreement;

ii. enters a guilty plea at the first court hearing that takes place after the United States offers this Plea Agreement;

iii. demonstrates recognition and affirmative acceptance of Defendant's personal responsibility for Defendant's criminal conduct;

iv. provides complete and accurate information during the sentencing process; and

v. does not commit any obstructive conduct.

The United States and Defendant agree that at its option and on written notice to Defendant, the United States may elect not to recommend a reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged with, or convicted of, any criminal offense, or if Defendant tests positive for any controlled substance.

c. No Other Agreements

The United States and Defendant have no other agreements regarding the Guidelines or the application of any Guidelines enhancements, departures, or variances.

d. Criminal History

The United States and Defendant have no agreement and make no representations about Defendant's criminal history category, which will be determined by the Court after the United States Probation Office prepares and discloses a Presentence Investigative Report.

e. Agreement Regarding Representations to the Court

The United States has a duty of candor to the tribunal. If the United States and Defendant do not agree on the appropriate length of incarceration, the appropriate length or applicable terms of supervised release, and/or the correct guidelines calculations, variances, departures, and/or enhancements, the United

PLEA AGREEMENT - 8

States reserves the right to respond to any and all arguments made by Defendant, on any bases the United States deems appropriate, at all stages of this criminal case.

Defendant may make any arguments it deems appropriate, at all stages of this criminal case.

With regard to all briefing, submissions, and hearings in this criminal case, the United States and Defendant agree to the following provisions:

i. The United States and Defendant may each respond to any questions from the Court or United States Probation Office;

ii. The United States and Defendant may each supplement the facts under consideration by the Court by providing information the United States or Defendant deems relevant;

iii. The United States and Defendant may each present and argue any additional facts that the United States or Defendant believe are relevant to the Sentencing Guidelines computation or sentencing;

iv. The United States and Defendant may each present and argue information that may already be known to the Court, including information contained in the Presentence Investigation Report;

v. The United States and Defendant may each respond to any arguments presented by the other;

vi. In order to support the United States' sentencing recommendation as set forth herein, the United States may oppose and argue against any defense argument or any recommendation for any sentence lower than the sentence

PLEA AGREEMENT - 9

recommended by the United States on any basis, including arguments for a lower offense level, a lower criminal history calculation, the application or non-application of any sentencing enhancement or departure, and/or any variance from the Guidelines range as calculated by the Court;

vii. In order to support the defense sentencing recommendation as set forth herein, Defendant may oppose and argue against any argument by the United States, or any recommendation for any sentence higher than the sentence recommended by the defense on any basis, including arguments for a higher offense level, a higher criminal history calculation, the application or non-application of any sentencing enhancement or departure, and/or any variance from the Guidelines range as calculated by the Court;

viii. The United States may make any sentencing arguments the United States deems appropriate so long as they are consistent with this Plea Agreement, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Plea Agreement, and Defendant's relevant conduct; and

ix. Defendant may make any sentencing arguments consistent with this Plea Agreement that Defendant deems appropriate.

10. Length of Incarceration

Defendant acknowledges that this Plea Agreement is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) ("Rule 11(c)(1)(C)"). Pursuant to

PLEA AGREEMENT - 10

Rule 11(c)(1)(C), the United States and Defendant agree that the appropriate disposition of the case is a term of incarceration within the range of at least 28 months but not more than 33 months based on the totality of the circumstances, to include the 18 U.S.C. § 3553(a) factors.

Although the United States and Defendant agree to make these recommendations to the Court pursuant to Rule 11(c)(1)(C), Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will ultimately impose.

Defendant understands that Defendant may withdraw from this Plea Agreement, as well as withdraw his guilty plea, if the Court imposes a term of imprisonment of greater than 33 months or indicates its intent to do so. Defendant further understands the United States may withdraw from the Plea Agreement if the Court imposes a term of incarceration of less than 28 months.

The United States and Defendant acknowledge that the imposition of any supervised release, fine, or restitution are not part of the Rule 11(c)(1)(C) nature of this Plea Agreement; that the United States and Defendant are free to make any recommendations they deem appropriate as to the imposition of fines, restitution, or length and conditions of Supervised Release; and that the Court will exercise its discretion in this regard. The United States and Defendant acknowledge that the Court's decisions regarding the imposition of fines, restitution, or length and conditions of Supervised Release will not provide bases for Defendant to withdraw Defendant's guilty plea or withdraw from this Rule 11(c)(1)(C) Plea Agreement. Defendant acknowledges that if either the United States or Defendant successfully withdraws from this Plea Agreement, the Plea Agreement becomes a nullity, and the United States is no longer bound by any representations within it.

11.   Supervised Release

The United States and Defendant each agree to recommend 3 years of supervised release. Defendant agrees that the Court's decision regarding the term

PLEA AGREEMENT - 11

or conditions of Defendant's Supervised Release is final and non-appealable; that is, even if Defendant is unhappy with the conditions of Supervised Release ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or any term of Supervised Release.

The United States and Defendant agree to recommend that in addition to the standard conditions of supervised release imposed in all cases in this District, the Court should also impose the following conditions:

    a.    Defendant shall participate and complete such drug testing and drug treatment programs as the Probation Officer directs.

    b.    The United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control.

12.   Criminal Fine

The United States and Defendant each agree to recommend that a criminal fine not be imposed. Defendant acknowledges that the Court's decision regarding a fine is final and non-appealable; that is, even if Defendant is unhappy with a fine ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or fine.

13.   Mandatory Special Penalty Assessment

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, pursuant to 18 U.S.C. § 3013.

14.   Payments While Incarcerated

If Defendant is sentenced to a term of imprisonment and Defendant lacks the financial resources to pay the monetary obligations imposed by the Court,

PLEA AGREEMENT - 12

Defendant agrees to earn money toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

### 15. Additional Violations of Law Can Void Plea Agreement

The United States and Defendant agree that the United States may, at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its sentencing recommendation if, prior to the imposition of sentence, Defendant is charged with or convicted of any criminal offense or tests positive for any controlled substance.

### 16. Waiver of Appeal Rights

Defendant understands that Defendant has a limited right to appeal or challenge Defendant's conviction and the sentence imposed by the Court. Defendant expressly waives all of Defendant's rights to appeal Defendant's conviction and the sentence the Court imposes. Defendant also expressly waives Defendant's right to appeal any fine, term of supervised release, or restitution order imposed by the Court.

Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

### 17. Judicial Forfeiture

Defendant agrees to voluntarily forfeit and relinquish all right, title and interest he has in the following listed assets to the United States:

PLEA AGREEMENT - 13

- a black and gold P80 Personally Manufactured 9mm caliber pistol, bearing serial number PF9405C;

- Hornady 9mm caliber ammunition; and

- Winchester 9mm caliber ammunition.

Defendant acknowledges that the assets listed above are subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), as property involved or used in the commission of the Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), to which Defendant is pleading guilty.

Defendant agrees to take all steps as requested by the United States to pass clear title to the assets to the United States and to testify truthfully in any forfeiture proceeding. Defendant agrees to hold all law enforcement agents and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure, abandonment, or forfeiture of any asset covered by this agreement.

Defendant waives further notice of any federal, state or local proceedings involving the forfeiture of the seized assets the Defendant is agreeing to forfeit in this Plea Agreement.

Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the assets. Defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture.

PLEA AGREEMENT - 14

18. <u>Withdrawal or Vacatur of Defendant's Plea</u>

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then:

    a.    this Plea Agreement shall become null and void;

    b.    the United States may prosecute Defendant on all available charges;

    c.    The United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and

    d.    the United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

Defendant agrees to waive any objections, motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate charges if a count of conviction is withdrawn, set aside, vacated, reversed, or dismissed, including any claim that the United States has violated Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

19. <u>Integration Clause</u>

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case.

PLEA AGREEMENT - 15

This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities.

The United States and Defendant agree that this Agreement cannot be modified except in a writing that is signed by the United States and Defendant.

<u>Approvals and Signatures</u>

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Stephanie Van Marter
Acting United States Attorney

_____     __7/14/25_____
Nowles H. Heinrich                                       Date
Assistant United States Attorney

I have read this Plea Agreement and I have carefully reviewed and discussed every part of this Plea Agreement with my attorney. I understand the terms of this Plea Agreement. I enter into this Plea Agreement knowingly, intelligently, and voluntarily. I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement. No one has threatened or forced me in any way to enter into this Plea Agreement. I agree to plead guilty because I am guilty.

_____     __7 - 14 -25_____
STEVEN JAMES MALTMAN                        Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets

PLEA AGREEMENT - 16

forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's guilty plea.

_____     _7/14/25_____

Molly M. Winston                     Date
Attorney for Defendant